UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**CYRIL L. PAYNE**                  )
                                    )
**Plaintiff,**                      )
                                    )   Civil Action No. 03-1438 (RCL)
         v.                         )
                                    )
**JO ANNE B. BARNHART,**            )
**Commissioner,**                   )
**Social Security Administration,** )
                                    )
**Defendant.**                      )
_____ )


## MEMORANDUM OPINION

Plaintiff Cyril L. Payne brings this action challenging an Administrative Law Judge's determination that plaintiff is not disabled within the meaning of the Social Security Act. Currently before the Court is plaintiff's motion for judgment on the pleadings [Dkt. 73] and defendant's fifth motion for extension of time to file defendant's motion for judgment of affirmance and opposition to plaintiff's motion for judgment on the pleadings [Dkt. 78]. Given the defendant's continued failure to respond to plaintiff's motion for judgment on the pleadings, the matter now before the Court is whether an entry of a default judgment is proper. Upon consideration of the motions, the administrative record, and the entire record herein, the Court will enter default judgment against the defendant.

### I. FACTUAL BACKGROUND

In 1996, plaintiff filed an application for disability insurance benefits in which he claimed to have become disabled and unable to work on July 21, 1996. On the same date,

1

plaintiff filed a "disability report" in which he claimed that his severe lower back pain prevented him from standing or sitting for any period more than 15 minutes and thus, prevented him from working. Plaintiff's entire medical record was evaluated by an Administrative Law Judge (ALJ), who found that the plaintiff was not "under a disability" as defined in the Social Security Act, at any time from July 21, 1996 to the date of the decision, rendered on August 3, 1998. The ALJ relied primarily on the report of a doctor who opined that the plaintiff did not have significant limitations in his ability to do basic work related activities. Following the initial decision, Payne requested review by the Appeals Council. On December 28, 2000, the Appeals Council vacated the unfavorable decision and remanded the case.

The case came before the same ALJ and another unfavorable decision was entered on October 24, 2001. In the decision, the ALJ concluded that the Payne retained the residual function capacity to perform the light work of his past relevant job as a security officer. After that decision, Payne again requested review by the Appeals Council but on May 1, 2003, the Appeals Council declined to review the case. Payne then filed suit on June 30, 2003, in the U.S. District Court. On August 23, 2005, the Court issued an Order and Memorandum Opinion granting the Commissioner's motion for affirmance. However, on July 26, 2006, the Court vacated the order and issued a new Memorandum Opinion, remanding the case to the Appeals Council. The Appeals Council remanded the case to the Hearing Office, which entered another unfavorable decision on October 1, 2007. Again, Payne requested review by the Appeals Council.

On April 4, 2008, the Appeals Council vacated the decision and remanded the case back to the hearing level. A hearing was held on April 28, 2009. A decision was

issued on July 31, 2009, finding plaintiff not entitled to a period of disability insurance benefits prior to December 31, 2001, his date last insured. In the decision, the ALJ again concluded that Payne retained the residual function capacity to perform the light work of his past relevant job as a security officer. On April 7, 2010, the Court directed the parties to file any dispositive motions within 30 days. On May 10, 2010, Payne filed his motion for judgment on the pleadings and the defendant filed a motion for extension of time to file dispositive motions. Since that motion, defendant has filed four additional motions for extension of time. The Court has granted all of the government's motions except the most recent, filed on June 22, 2010 [Dkt. 78]. In the most recent extension motion that was granted, the government was required to file its renewed motion for judgment of affirmance and response to plaintiff's motion for judgment on the pleadings by June 8, 2010.

## II.  STATUTORY FRAMEWORK

### a. Default Judgment

Federal Rule of Civil Procedure 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." FED.R.CIV.P. 55(d). The rationale for this rule is that federal law favors the disposition of cases on the merits, and, as a result, "a default judgment is a drastic sanction that should be employed only in an extreme situation." *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir.1977) (internal punctuation and citations omitted).

The disfavor in which such judgments are held is especially strong in situations where the defendant is the government. *See* 10A Charles Alan Wright, Arthur R. Miller

3

& Mary Kay Kane, *Federal Practice & Procedure* § 2702, at 178-80 (1998) (stating that "when the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default or, if a default is entered, it will be set aside") (footnote omitted); *Moore v. United Kingdom*, 384 F.3d 1079, 1090 n.16 (9th Cir. 2004) (noting that Rule 55(d) requires "district courts to reach the merits of a plaintiff's claim before entering a default judgment against the government"). Nevertheless, there are situations where default judgment is appropriate. In determining whether default judgment against the government is proper, a court may accept as true the plaintiff's uncontroverted evidence. *See Lee v. Federal Emergency Management Agency*, 2010 WL 1027124 * 7 (S.D.W.Va. February 26, 2010) ("Default may be entered against an agency of the United States on the basis of evidence indicating that a plaintiff's claims are meritorious."); *see also Alameda v. Secretary of Health, Ed. and Welfare*, 622 F.2d 1044 (1st Cir. 1980) (The Secretary's failure to file requested memoranda or even explain the failure after months of delay in social security disability benefits cases amounted to a failure to defend the suit within the meaning of the default judgment rule.).

### b. Social Security Act

The Social Security Act provides for judicial review of any final decision of the Commissioner of the Social Security Administration after a hearing to which he was a party. 42 U.S.C. § 405(g). "In a disability proceeding, the ALJ has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of a disability." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (quoting *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989)). The ALJ's ultimate determination will not be disturbed so long as it is based on substantial

evidence in the record and correctly applies the relevant legal standard. *Butler*, 353 F.3d at 999. Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The test requires "more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Fla. Mun. Power Agency v. FERC*, 315 F.3d 362, 365-66 (D.C. Cir. 2003).

To qualify for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, a claimant must establish that he is "disabled." 42 U.S.C. §§ 423(a)(1)(D), 1382(a)(1). "Disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* §§ 423(d)(1)(A), 1382c(a)(3)(A). Further, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* § 423(a)( 1)(d)(2)(A); *see also Butler v. Barnhart*, 353 F.3d 992, 997 (D.C. Cir. 2004).

The Social Security Administration has established a five-step sequential evaluation process for assessing a claimant's alleged disability. *See* 20 C.F.R. §§

5

404.1520, 416.920. The claimant carries the burden of proof on the first four steps. *Id.* § 404.1520. First, the claimant must demonstrate that he is not presently engaged in "substantial gainful" work. *Id.* § 404.1520(b). "Substantial work activity" is work activity that involves doing significant physical or mental activities. *Id.* § 404.1572(a). "Gainful work activity is work that is usually done for pay or profit, regardless of whether profit is realized. *Id.* § 404.1572(b).

Second, a claimant must show that he has a "severe impairment" that "significantly limits his physical or mental ability to do basic work activities." *Id.* § 404.1520(c). An impairment, or combination of impairments, is severe within the meaning of the regulation if it significantly limits the claimant's ability to perform basic work activities. An impairment is not considered to be severe when medical and other evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Id.* § 404.1521. If the claimant does not have a severe impairment, the claimant is not disabled and the inquiry ends. If the claimant has a severe impairment, or combination of impairments, the analysis proceeds to the next step in the analysis.

Third, if the claimant suffers from an impairment that meets the duration requirement and meets or equals an impairment listed in 20 C.F.R. Part 404, subpart P, Appendix 1 to the Commissioner's regulations, he is deemed disabled and the inquiry comes to an end. *Id.* § 404.1520(d).

If the claimant does not satisfy step three, the inquiry proceeds to the fourth step, which requires him to show that he suffers an impairment that renders him incapable of performing "past relevant work." *Id.* § 404.1520(e). The term past relevant work means

work performed (either as the claimant actually performed it or as it is generally performed) within the last 15 years, or 15 years prior to the date the disability must be established. If the claimant has the functional capacity to do his past relevant work, the claimant is not disabled. However, if the claimant is unable to do any past relevant work or does not have any past relevant work, the analysis proceeds. *Id.*

Once a claimant has carried the burden on the first four steps, the burden shifts to the Social Security Administration on step five to demonstrate that the claimant is able to perform "other work" based on a consideration of her "residual functional capacity," age, education and past work experience. *Id.* § 404.1520(f). If the claimant is able to do "other work," he is not disabled. However, is the claimant is not able to do other work and meets the duration requirements, he is disabled. In order to support a finding that an individual is not disabled at step five, the Social Security Administration is required to provide evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can actually do, given the claimant's capacity, age, education and work experience. *Id.* §§ 404.1512(g); 404.1560(c).

### III.  DISCUSSION

The Court must assess only whether the ALJ's finding that Payne is not disabled is based on substantial evidence and a correct application of the law. The Court concludes that the ALJ's decision fails this deferential review. In his review of plaintiff's application for Social Security Disability Benefits, the ALJ followed the five-step sequential process as outlined in 20 C.F.R. §§ 404.1520(a)-(g), 416.920. The ALJ determined that Payne did not engage in substantial gainful work activity from July 21, 1996 to December 31, 2001 and properly moved on to the next step of the analysis.

7

The second step requires the plaintiff to have a "severe impairment" that "significantly limits his physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). In reviewing the evidence, the ALJ found that plaintiff has hypertensive heart disease, peptic ulcer disease with hiatal hernia, back disorder, residuals of left ankle fracture and memory loss. As such, the ALJ determined that plaintiff's impairments were "severe" within the meaning of the regulations.

After finding that claimant's impairments are considered "severe," the next step in the analysis requires finding that claimant's impairments conforms within either steps three or four of the five-step process. If a claimant's impairment is listed in a regulatory appendix, the claimant will be deemed disabled without regard to age, education and work experience. However, if claimant's condition is not listed, the ALJ will evaluate the claimant's residual functional capacity based on all the relevant medical and other evidence. After deciding that Payne did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the appendix, the ALJ properly continued on to the fourth step.

In analyzing step four, the ALJ determined that "claimant's ability to perform the range of [light work] was reduced by his ability to occasionally climb, bend, stoop, crouch, squat, and crawl; and never balance and kneel." Further, the ALJ determined that Payne "had moderate limitations in his ability to concentrate, maintain attention for extended periods, and keep up a pace, due to pain, fatigue, memory loss, and the effects of medication." A.R. at 101. Nevertheless, the ALJ did not find that plaintiff's impairment was severe enough to meet the requirements of step four, which requires a determination that plaintiff was incapable of performing past relevant work. Instead, the

ALJ determined that plaintiff's past relevant work as a security guard did not require the performance of work-related activities precluded by his residual functional capacity. A.R. at 103.

Specifically, the ALJ determined that Payne's past work as a security guard was sedentary and that in a previous position, Payne "sat in a car" and walked for 1 hour and sat for 7 hours in an 8-hour workday. The ALJ also determined that while Payne "described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled." A.R. 102. These two factors were (1) the fact the limited daily activities could not be objectively verified with any reasonable degree of certainty and (2) the fact that it was "difficult to attribute" the degree of limitation to Payne's medical condition, "as opposed to other reasons." *Id.* In relying on these two "factors," the ALJ stated that Payne's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." A.R. 103.

However, the Court can observe nothing in the record which would lead the ALJ to question the plaintiff's credibility as to plaintiff's uncontroverted evidence that he is unable to concentrate. Indeed, the ALJ failed to address its own finding of fact that Payne had "moderate limitations in his ability to concentrate, maintain attention for extended periods." While the ALJ decided "the medical evidence of record failed to establish that the claimant received or sought treatment from his treating physician or a specialist for his memory loss," the record does not address the ALJ's failure to address Payne's inability to concentrate and maintain attention for extended periods. While duties of a security officer may be sedentary, the Court sees nothing in the record to support the

ALJ's determination that, given Payne's inability to concentrate, he would be mentally capable of performing the duties of a security guard. Further, the ALJ simply stated that Dr. Jaspe's opinions were given little weight because the "doctor's opinion contrasts sharply with the other evidence of record." This appears to be less calculated reasoning and more a case of ignoring evidence in the record. *See Brown v. Bowen*, 794 F.2d 703, 708 (D.C. Cir. 1986) ("The judiciary can scarcely perform its assigned review function, limited though it is, without some indication not only of what evidence was credited, but also whether other evidence was rejected rather than simply ignored.") The Court therefore agrees with Payne that the Social Security Administration's decision is not supported by substantial evidence.

Further, the Court finds it appropriate to enter a judgment of default against the government in this case. Plaintiff filed his motion for judgment on the pleadings on May 10, 2010. The same day, the government filed a motion for extension of time until May 17, 2010, to file her dispositive motion, which the Court granted. Since that date, the government has filed repeated additional motions for extension of time, extending the time from May 17 to May 21, from May 21 to May 24, and finally in the Court's May 26, 2010 order, the government's revised deadline was set to June 8, 2010, the date requested by the government. Incredibly, it was not until June 22, 2010, where the government requested its most recent extension. In its June 22, 2010 motion, not only does the government now request until August 13, 2010 in order for a senior attorney to prepare the government's dispositive motions, it fails to offer any explanation as to why the request came after time had expired on all the prior motions to extend time. The government clearly failed to demonstrate good cause for their final, out-of-time motion to

enlarge time, and their motion is DENIED. The rule disfavoring default judgment against the government "does not relieve the government from the duty to defend cases or obey the court's orders. Indeed, this privilege against default judgments . . . heightens the government's duty to cooperate freely with the court which must function without a customary sanction to insure that the litigation proceeds in an orderly manner and that the private litigant obtains an expeditious adjudication of his legal rights." *Alameda*, 622 F.2d at 1048. In other words, the government's lackadaisical handling of this case by failing to file its dispositive motions by the several deadlines has caused inexcusable delay. As such, a judgment of default will be entered against the government defendant.

## IV. CONCLUSION

Section 405 of Title 42 expressly provides that a district court may reverse the Social Security Administration's decision rather than remand it for further proceedings. See § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). As the result of bureaucratic delays, Payne's case has dragged through the Social Security Administration and the courts for almost 15 years. Accordingly, the Court finds it proper to enter a judgment of default against the government defendant.

A separate Order shall issue this date entering a judgment of default in favor of the plaintiff.

/s/ Royce C. Lamberth        July 27, 2010
Chief Judge
U.S. District Court for the District of Columbia